UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
UNITED STATES OF AMERICA,             :
                                      :
                v.                    :         **MEMORANDUM & ORDER**
                                      :         20-CR-293 (WFK)
TRISTON LAWRENCE,                     :
                                      :
                Defendant.            :
-----------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**

On June 15, 2022, Triston Lawrence ("Defendant") pled guilty to Count Nine of the Superseding Indictment, charging him with Possessing, Brandishing, and Discharging a Firearm During a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). ECF No. 221. The Court now sentences Defendant and provides a complete statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) of those factors set forth by Congress in 18 U.S.C. § 3553(a). For the reasons discussed below, Defendant is hereby sentenced to 120 months of imprisonment, to be followed by three years of supervised release. Defendant is required to pay a mandatory special assessment of $100.00. Finally, forfeiture is ordered pursuant to the Order of Forfeiture signed on November 2, 2022. ECF No. 499.

## I. Background

The Federal Bureau of Investigation ("FBI") and the New York City Police Department ("NYPD") led the investigation into Defendant and other gang members and associates for the instant offense. Presentence Investigation Report ("PSR") ¶ 3, ECF No. 395. Defendant was a member of the No Love City ("NLC") set, or neighborhood-based subgroup, of Folk Nation Gangster Disciples ("GD"), a violent street gang operating out of Brooklyn, New York. *Id.* Central to GD's tenets is the use of violence to retaliate against perceived slights to the gang or to enhance the status of members within the gang. *Id.* ¶ 5.

On August 2, 2020, Defendant, along with others, entered a parked black Range Rover at the corner of Hawthorn Street and Nostrand Avenue in Brooklyn, New York. *Id.* ¶ 14. After circling the block in the Range Rover, Defendant returned to the intersection, exited the vehicle,

and fired multiple shots in the direction of an individual standing on the corner. *Id.* Defendant then reentered the Range Rover, which drove away. *Id.* No one was injured in the shooting. *Id.*

A search of a co-defendant's phone revealed Defendant sent a text message to that co-defendant on a secure messaging application at the approximate time of the shooting, stating, in slang, that Defendant had just shot at the individual who had been standing on the corner. *Id.* ¶ 15.

On August 24, 2020, Defendant was arrested by NYPD officers. *Id.* ¶ 27. After waiving his *Miranda* rights, Defendant told agents he was at the location of the shooting and identified himself in photos of surveillance footage. *Id.*

On August 4, 2021, a grand jury returned a twenty-count Superseding Indictment, which alleges Defendant, along with ten co-defendants, was a member of GD. Superseding Indictment at ¶¶ 1, 8, ECF No. 51. According to the Superseding Indictment, GD is an "enterprise" as defined by 18 U.S.C. § 1959(b)(2) that engaged in racketeering activity as defined in 18 U.S.C. §§ 1959(b)(1) and 1961(1). *Id.* ¶¶ 4-5.

Counts Seven, Eight, and Nine of the Superseding Indictment charge Defendant with: (1) Attempted Murder In-Aid-Of Racketeering, in violation of New York Penal Law ("NYPL") §§ 125.25(1), 110.00, and 20.00 and 18 U.S.C. §§ 1959(a)(5) and 2; (2) Attempted Assault In-Aid-Of Racketeering, in violation of NYPL §§ 120.05(2), 110.00, and 20.00 and 18 U.S.C. §§ 1959(a)(6) and 2; and (3) Possessing, Brandishing, and Discharging a Firearm During a Crime of Violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i)–(iii) and 2. *Id.* ¶¶ 19-23. The Superseding Indictment also contains a criminal forfeiture allegation as to all counts. *Id.* ¶¶ 44-45.

In August of 2021, Defendant was arrested by FBI agents in connection with the instant offense. PSR ¶ 27. At that time, agents seized a semi-automatic handgun from Defendant's residence, which he admitted to having stolen from another individual by force. *Id.*

On June 15, 2022, Defendant pled guilty to Count Nine of the Superseding Indictment, charging him with Possessing, Brandishing, and Discharging a Firearm During a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). Plea Agreement, ECF No. 221. Pursuant to that agreement, Defendant agreed not to file an appeal or otherwise challenge his sentence if the Court imposed a term of imprisonment of 120 months or below. *Id.* ¶ 5.

## II.  Legal Standard

18 U.S.C. § 3553 outlines the procedures for imposing sentence in a criminal case. The "starting point and the initial benchmark" in evaluating a criminal sentence is the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 49 (2007). If and when a district court chooses to impose a sentence outside of the Sentencing Guidelines range, the court "shall state in open court the reasons for its imposition of the particular sentence, and . . . the specific reason for the imposition of a sentence different from that described" in the Guidelines. 18 U.S.C. § 3553(c)(2). The court must also "state[] with specificity" its reasons for so departing "in a statement of reasons form." *Id.*

"The sentencing court's written statement of reasons shall be a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Davis*, 08-CR-0332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010) (Weinstein, J.). Section 3553(a) provides a set of seven factors for the Court to consider in determining what sentence to impose on a criminal defendant. The Court addresses each in turn.

### III. Analysis

#### A. The Nature and Circumstances of the Offense and the History and Characteristics of Defendant

The first § 3553(a) factor requires the Court to evaluate "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

1. Family and Personal Background

Defendant was born on December 9, 1993 in Brooklyn, New York to Keith Brotherson and Alison Lawrence. PSR ¶ 47. Defendant's parents separated soon after his birth. *Id.* Defendant reported an unremarkable childhood free from any abuse. *Id.* ¶ 51. Until his arrest for the instant offense, Defendant resided with his mother in a middle-income neighborhood in Brooklyn. *Id.* ¶ 54. Defendant maintained a relationship with his father during his formative years. *Id.* ¶ 51. Both parents are aware of the instant offense and remain supportive. *Id.* ¶ 47.

Defendant has been in a relationship with Laquaisa Singh since 2019. *Id.* ¶ 52. Ms. Singh is aware of the Defendant's prosecution and remains supportive. *Id.* ¶ 53. Defendant reported he intends to marry Ms. Singh, with whom he will reside at the conclusion of his incarceration for the current offense. *Id.* ¶¶ 52, 54; *see also id.* ¶ 53.

2. Educational and Employment History

Defendant reported attending Edward R. Morrow High School in Brooklyn, New York, but leaving in the twelfth grade after losing interest in school. PSR ¶ 62. Defendant's mother reported he transferred to—but did not graduate from—South Shore High School in Brooklyn. *Id.*

From approximately 2013 to 2014, Defendant reported working as an unpaid intern at Glasdorf, which is a recording studio in New York, New York. *Id.* ¶ 66. His mother confirmed that he held this position. *Id.*

4

In Defendant's Pretrial Services Report, he noted he was unemployed between 2016 and 2021, but worked at his grandmother's restaurant in Brooklyn, New York between 2013 and 2016. *Id.* ¶ 64. However, during his presentence investigation, Defendant reported he worked at the restaurant until 2021. *Id.*

Defendant also reported working as a construction flagger for an unnamed construction company in New York between 2016 and 2018, which he left to work at his grandmother's restaurant. *Id.* ¶ 65.

### 3. Prior Convictions

Defendant was previously arrested on state charges for Criminal Possession of a Weapon in 2019 and Attempted Murder in 2020. PSR ¶¶ 44, 45. Notably, the attempted murder charge was for the same conduct at issue in this prosecution. *Id.* ¶ 45. Because of the instant prosecution, the offense was not prosecuted by state authorities. *Id.* Defendant has no prior criminal convictions. *Id.* ¶¶ 39-41.

### 4. Physical and Mental Health

In August of 2020, Defendant was shot in both kneecaps by an unknown assailant in Brooklyn, New York. *Id.* He was treated at Kings County Hospital following the incident and was released the next day. *Id.* As a result of the shooting, Defendant is unable to bend his knees. *Id.* While his mother confirmed these reports, at the time of the filing of the Presentence Investigation Report, a signed authorization form had not been received by defense counsel verifying Defendant's treatment at Kings County Hospital. *Id.*

Defendant reported that he had no history of mental or emotional health issues. *Id.* ¶ 59.

5. Substance Abuse

Defendant reported being a regular marijuana user prior to his arrest for the instant offense, but reported no drug use since his arrest for the instant offense. *Id.* ¶ 60. Defendant has not received drug treatment counseling and does not believe such treatment would benefit him if incarcerated. *Id.* ¶ 61. Defendant reported he does not drink alcohol. *Id.* ¶ 60.

6. Nature and Circumstances of the Offense

The Court's previous statements make clear the nature and circumstances surrounding the instant offense. *See supra* Part I.

**B. The Need for the Sentence Imposed**

The second § 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

Defendant, by his own account, attempted to murder a rival gang member on August 2, 2020. Transcript of Plea Hearing at 20, ECF No. 246. He did so by brandishing a nine-millimeter handgun and firing multiple shots in the direction of the victim, before speeding away in a car. *Id.*; PSR ¶ 14. This offensive conduct is serious.

**C. The Kinds of Sentences Available**

The third § 3553(a) factor requires the Court to detail "the kinds of sentences available" for Defendant. 18 U.S.C. § 3553(a)(3).

Defendant pled guilty to Count Nine of the Superseding Indictment charging him with Possessing, Brandishing, and Discharging a Firearm During a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). Defendant faces various penalties for committing this offense, including terms of imprisonment and supervised release in addition to fines and a special assessment.

Defendant faces a minimum term of imprisonment of ten years and a maximum term of imprisonment of life. 18 U.S.C. § 924(c)(1)(A)(iii); *United States v. Johnson*, 507 F.3d 793, 798-99 (2d Cir. 2007). Defendant also faces a term of supervised release of not more than five years. 18 U.S.C. § 3583(b). Defendant is ineligible for probation. 18 U.S.C. § 3561(a)(1).

Defendant faces a maximum fine of $250,000.00. 18 U.S.C. § 3571(b). However, Defendant's financial profile suggests he is unable to pay a fine. PSR ¶ 69. Pursuant to 18 U.S.C. § 3013, the Court is also required to impose a mandatory special assessment of $100.00 per count. Defendant is not required to pay restitution.

Finally, pursuant to the plea agreement signed on June 15, 2022, ECF No. 221, and the Order of Forfeiture signed on November 2, 2022, ECF No. 499, Defendant is required, pursuant to 18 U.S.C. § 924(d)(1), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), to forfeit all right, title, and interest in a nine-millimeter, semi-automatic handgun seized from his residence on August 10, 2021.

### D. The Kinds of Sentence and the Sentencing Range Established for Defendant's Offenses

The fourth § 3553(a) factor requires the Court to discuss "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines." *Id.* § 3553(a)(4)(A).

The applicable Guidelines for violations of 18 U.S.C. § 924(c)(1)(A)(iii) is U.S.S.G. §2K2.4. Pursuant to U.S.S.G. §2K2.4(b), the Guideline sentence for this offense is the term of imprisonment required by the statute itself, which is ten years. 18 U.S.C. § 924(c)(1)(A)(iii). All parties agree that the recommended Guidelines sentence for this offense is ten years. PSR ¶ 71; Government Sentencing Memorandum ("Gov't Mem.") at 2, ECF No. 763; Defense Sentencing Memorandum ("Def. Mem.") at 2, ECF No. 751.

Defendant has no prior convictions. PSR ¶ 40. As such, Defendant has a criminal history score of zero, which results in a criminal history category of I. U.S.S.G. §5A. However, because the mandatory minimum establishes the Guidelines sentence, Defendant's criminal history score is irrelevant.

All parties agree that a Guidelines sentence of ten years, or 120 months, would be appropriate in this case. Probation Recommendation at 1, ECF No. 395-1; Gov't Mem. at 3; Def. Mem. at 2, 4.

Probation argues such a sentence is warranted because its investigation revealed "no mitigating or aggravating factors for the defendant." Probation Recommendation at 2. Probation further notes "the instant offense involved extremely dangerous conduct, as the defendant fired multiple times at the victim." *Id.* Based on the seriousness of the conduct and Defendant's history and characteristics, Probation posits a Guidelines sentence is appropriate in this case. *Id.* In addition to a Guidelines term of imprisonment, Probation also recommends three years of supervised release with special conditions and payment of the $100.00 Mandatory Assessment. *Id.* at 1. Probation further recommends Defendant be excused from the mandatory drug testing provisions of 18 U.S.C. §§ 3563(a)(5) and 3583(d). *Id.* Finally, Probation does not recommend the Court impose a fine, as Defendant appears unable to pay. *Id.* at 2; PSR ¶ 69.

8

The Government argues a Guidelines sentence of ten years is warranted because it takes into account the "extraordinary seriousness of the defendant's offense" as well as the fact Defendant "possessed a firearm on at least one other occasion, which firearm he admitted he stole in a robbery." Gov't Mem. at 2. The Government notes the shooting Defendant was involved in "could have (and was intended to) result in a murder or other serious injury" which demonstrates Defendant's "callousness towards human life." *Id.* The Government further argues a Guidelines sentence would serve a deterrent purpose because it would "help make clear that those who commit such violence, rather than being valorized, will instead be held fully accountable for the harms they inflict." *Id.* In addition to a Guidelines sentence, the Government recommends forfeiture in accordance with the Order of Forfeiture. *Id.* at 3.

In asking the Court to impose a Guidelines, statutory minimum sentence, defense counsel notes, while the offense cannot be trivialized, "in the context of the entire case, involving several serious incidents of firearms use and other criminality, Triston was only involved in this small fraction of the total. He has expressed remorse for his ill-considered actions, and has been endeavoring to improve himself." *Id.* at 2. Defense counsel further argues a ten-year sentence is sufficient for punishment and deterrence purposes. *Id.* at 3-4. As to the former, defense counsel explains that Defendant has already been in jail for over 31 months, in both the Hudson County Jail and the Metropolitan Detention Center, where he has experienced harsh conditions. *Id.* at 3. Defense counsel notes "a good portion" of Defendant's time in custody to date "was spent dealing with the effects of the COVID-19 pandemic," which he explains were particularly difficult for those who were incarcerated. *Id.* Defense counsel notes the increased lockdowns, the lack of protective supplies, and the high risk of disease and infection at that time made life "even more miserable than usual." *Id.* at 3-4. Defense counsel argues, given what Defendant

9

has already suffered, a mandatory minimum Guidelines sentence would be appropriate. *Id.* at 4. As for deterrence, defense counsel notes a ten-year sentence would show "young men who are involved in gang activity, especially involving the use of firearms" that there are serious consequences for their actions. *Id.* In addition to a mandatory minimum term of incarceration, defense counsel also recommended three years of supervised release at sentencing.

This Court has read and considered the letter written by Defendant, ECF No. 759-1, as well as the numerous letters written by his loved ones, friends, and teachers, ECF 751-1. The letters from Defendant's supporters describe Defendant as a respectful, hardworking, and humble young man who is eager to turn his life around and give back to his community. ECF No. 751-1. In Defendant's own letter to the Court, he explains how difficult the last few years have been, detailing the passing of multiple loved ones while in custody. ECF No. 759-1 at 1. Defendant explains that his time in custody has allowed him to reflect on his behavior, and has resulted in significant personal growth. *Id.* at 1-2. The Court appreciates Defendant's letter and what his advocates have said on his behalf.

This Court has taken into consideration the arguments of all parties.

**E. Pertinent Policy Statement(s) of the Sentencing Commission**

The fifth § 3553(a) factor requires the Court to evaluate "any pertinent policy statement . . . issued by the Sentencing Commission." 18 U.S.C. § 3553(a)(5).

The parties have not drawn the Court's attention to any applicable policy statements. Finding none on its own, the Court proceeds to the next § 3553(a) factor.

**F. The Need to Avoid Unwarranted Sentence Disparities**

The sixth § 3553(a) factor requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). For the reasons stated in this Memorandum and

10

Order, and considering the other six § 3553(a) factors, the Court's sentence avoids unwarranted sentence disparities.

### G. The Need to Provide Restitution

Finally, the seventh § 3553(a) factor requires the Court to touch upon "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(7). This is not applicable in Defendant's case. 18 U.S.C. § 3663A.

## CONCLUSION

In accordance with the analysis above, the Court finds a sentence of 120 months of incarceration, three years of supervised release with both standard and special conditions, forfeiture as set forth in the Order of Forfeiture, which by its terms becomes final as of this sentencing, ECF No. 499, and payment of a $100.00 special assessment is appropriate and comports with the dictates of § 3553. The Court finds, moreover, this sentence is consistent with, and is sufficient but no greater than necessary to accomplish, the purposes of § 3553(a)(2). The Court excuses Defendant from the mandatory drug testing provisions of 18 U.S.C. §§ 3563(a)(5) and 3583(d). The Court does not impose a fine because Defendant appears unable to pay a fine.

The Court expressly adopts the factual findings of the Presentence Investigation Report, ECF No. 395, to the extent that report is not inconsistent with this opinion, and imposes the standard and special conditions of release proposed by the Probation Department.

SO ORDERED.

s/ WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: April 25, 2024
      Brooklyn, New York